FILED
JUN - 7 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Darryl Kinney, )
)
    Plaintiff, )
)
v. ) Civil Action No. 18-1221 (UNA)
)
U.S. Department of Justice *et. al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor

concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint fits the bill.

Plaintiff resides in Waukegan, Illinois. He sues (1) the Department of Justice, which plaintiff contends "includes the IRS, FBI and several other to be named later agencies and agents," and (2) the Department of Defense, "includ[ing] all branches of Armed Services[.]" Compl. at 1. Plaintiff sues "for the outlandish Privacy violations that Defendants have perpetrated from 10 years against the Plaintiff, in Intentional Tort crimes." Compl. at 1. Allegedly, "[a]ll actions have been ongoing for 10 years 365/7, and [sic] Washington D.C." *Id.* Plaintiff seeks monetary damages of at least $50,000,000.00, and perhaps as much as $3.2 billion. *See* Compl. at 4-5.

The prolix complaint is difficult to follow but stems at least in part from plaintiff's prior unsuccessful litigation. *See, e.g.,* Compl. ¶ 13 (alleging that "Plaintiff has had 24 plus lawsuits tainted and illegally dismissed in effort to continue the tirade of criminal violations against the Plaintiff without not ever once going to court or having as law requires . . . questions answered when it comes to the criminal allegations"). As this Court has observed in dismissing plaintiff's similarly pled actions, "[w]holly absent from the complaint is any statement showing that the plaintiff is entitled to a judgment in his favor or any form of relief." *Kinney v. Dep't of Justice*, No. 15-482, 2015 WL 1546295, at * 1 (D.D.C. Apr. 3, 2015), quoting *Kinney v. Dep't of Justice*, No. 14-2098, 2014 WL 7140574, at *1 (D.D.C. Dec. 12, 2014); *Kinney v. Dep't of Justice*, No. 14-1517, 2014 WL 4401324, at *1 (D.D.C. Sept. 4, 2014). This Court also has noted the Tenth Circuit Court of Appeals' list of other cases against the same defendants where plaintiff has

"attempt[ed] to state causes of action for employment discrimination, stalking, invasion of privacy, defamation, and violations of the Privacy Act" in Georgia, Illinois, Virginia, Wisconsin and twice in Kansas that "border on fanciful." *Kinney*, 2015 WL 1546295, at *1, quoting *Kinney v. Dep't of Justice*, 505 Fed. App'x. 811-12 and n.1 (10th Cir. 2012); *cf.* Compl ¶ 2 (alleging that "Plaintiff has been targeted by Defendants from state to state and engaged in gang stalking activity which includes violations of privacy and personal records and information") (citing 5 U.S.C. § 552a(g) but alleging no facts consistent with the Privacy Act)).

The instant complaint is no different from plaintiff's prior actions and compels the same result. "Because plaintiff's litigation history indicates that he is either unwilling or unable to cure the pleading deficiency, this case will be dismissed with prejudice" as well. *Kinney*, 2015 WL 1546295, at *2; *see Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate order accompanies this Memorandum Opinion.

Date: June 7, 2018

United States District Judge

3